UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANITA FINGER,               ) | |
| )                            | |
|     Plaintiff,              ) | |
| )                            | |
| )                            | |
| vs.                         ) | Case No. 4:20-cv-01014-SEP |
| )                            | |
| ST. LOUIS GRAND MARRIOTT,   ) | |
| )                            | |
| )                            | |
|     Defendant.              ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file.  Plaintiff initiated this civil action on July 31, 2020, by filing what appears to be a complaint seeking to redress employment discrimination.  As fully explained in this Court's September 25, 2020, Memorandum and Order (Doc. [4]), the complaint was deficient because it was incomplete and because Plaintiff did not provide the documentation necessary to demonstrate exhaustion of administrative remedies with respect to the claims she intended to bring.  Additionally, Plaintiff neither paid the $400 filing fee nor filed a fully-completed motion seeking leave to proceed *in forma pauperis*.  Instead, Plaintiff filed a partially-completed motion that lacked the information necessary to enable the Court to determine Plaintiff's eligibility to proceed *in forma pauperis*.

The Court directed Plaintiff to file a fully-completed amended complaint supported by the necessary documentation and directed her to file a fully-completed motion for leave to proceed *in forma pauperis*.  Doc. [4].  The Court explained why the complaint and motion were deficient, gave Plaintiff instructions to remedy the defects, and cautioned her that her failure to timely comply with the order would result in the dismissal of her case without further notice.  *Id.*

Plaintiff's response was due on October 26, 2020.  Four weeks after that deadline, she has neither complied with the Court's Order nor sought additional time to do so.  The Court gave Plaintiff meaningful notice of what was expected, cautioned her that her case would be dismissed if she failed to timely comply, and gave her additional time to comply.  As such, this action will be dismissed without prejudice due to Plaintiff's failure to comply with this Court's September 25, 2020, Order (Doc. [4]) and her failure to prosecute her case.  *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (stating that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's incomplete motion for leave to proceed *in forma pauperis* (Doc. [2]) is **DENIED** as moot.

Dated this 13th day of November, 2020.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2